## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

ALEXANDRA HIOTAKIS,

     Plaintiff,

v.                                                          Case No: 8:23-cv-1389-CEH-AEP

NORTHWEST FEDERAL CREDIT
UNION, TD BANK, N.A. and
EXPERIAN INFORMATION
SOLUTIONS, INC.,

     Defendants.

_____

### ORDER

This matter comes before the Court on Defendant Experian Information Solutions, Inc.'s ("Experian") Motion to Compel Arbitration (Doc. 38). Plaintiff Alexandra Hiotakis has not responded to the Motion, which the Court now treats as unopposed. *See* Doc. 39, M.D. Fla. Local Rule 3.01(c).

Having considered the motion and being fully advised in its premises, the Court will grant the motion to compel arbitration and stay Plaintiff's claims against Experian.

### DISCUSSION

In this Fair Credit Reporting Act action, Plaintiff alleges, *inter alia*, that Defendant Experian reported inaccurate information in her credit file. Doc. 1. Experian now contends that Plaintiff is subject to a binding arbitration agreement as a term of use of Plaintiff's credit monitoring membership with Experian's affiliate,

which predated the filing of this lawsuit. Doc. 38 at 4.  The arbitration agreement provides that Plaintiff and Experian's affiliate, Experian Consumer Services, agreed to arbitrate "all disputes and claims between us" that arise out of, or relate to, her credit monitoring agreement. *Id.* at 4-5.  The arbitration agreement defines Experian Consumer Services to include its "affiliates (including, but not limited to, Experian Information Solutions, Inc.)." *Id.* at 8, citing Doc. 38-1 ¶ 7.  Experian presents evidence that the arbitration agreement was included in the terms of use agreement that Plaintiff accepted when she created her account with the credit monitoring service, and that she was advised it continued to bind her each time she accessed the service. Doc. 38 at 8-9.  Moreover, Experian identifies many other cases in which courts across the country have compelled arbitration with respect to the same agreement. *Id.* at 2-3.

Arbitration agreements are governed by the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16.  The FAA provides that written arbitration agreements are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.  The FAA reflects a strong federal policy toward resolving disputed arbitrable issues through arbitration; indeed, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the language itself or an allegation of waiver, delay, or a likely defense to arbitrability." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983); *see also Milestone v. Citrus Specialty Grp., Inc.*, No. 8:19-cv-2341-WFJ-JSS, 2019 WL 5887179, at *1 (M.D. Fla. Nov. 12, 2019) (stating that "[a] strong policy exists in favor of resolving disputes by arbitration").

The party seeking to evade arbitration bears the burden of showing that the arbitration provision is invalid or otherwise unenforceable. *See Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 91-92 (2000).  Here, Plaintiff has not opposed Experian's motion to compel arbitration nor offered any basis to overcome the presumption that the arbitration agreement is valid and enforceable.  The motion to compel arbitration is due to be granted.

Experian asserts that the action must be stayed pending arbitration pursuant to the FAA. Doc. 38 at 19; *see* 9 U.S.C. § 3; *Bender v. A.G. Edwards & Sons*, 971 F.2d 698, 699 (11th Cir. 1992) ("Upon finding that a claim is subject to an arbitration agreement, the court should order that the action be stayed pending arbitration."); *Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1368 (11th Cir. 2005) ("FAA's enforcement sections require a court to stay a proceeding where the issue in the proceeding is referable to arbitration") (internal quotations omitted).  However, only Plaintiff's claims against Experian are implicated by the arbitration agreement.  Therefore, only Plaintiff's claims against Experian will be stayed.

Accordingly, it is **ORDERED**:

1. Defendant Experian Information Solutions, Inc.'s Motion to Compel Arbitration (Doc. 38) is GRANTED.

2. Plaintiff is compelled to arbitrate her claims against Defendant Experian Information Solutions, Inc.

3.  Plaintiff's claims against Defendant Experian Information Solutions, Inc., only, are STAYED pending arbitration.  The parties may file a motion to lift the stay, if necessary, once the arbitration proceedings have concluded.

4.  Plaintiff's claims against the remaining Defendants remain pending.

**DONE** and **ORDERED** in Tampa, Florida on December 11, 2023.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties